UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DOUGLAS DURHAM,

          Petitioner,

v.                                      CASE NO. 2:05-CV-73674-DT
                                      HON. LAWRENCE P. ZATKOFF

SHERRY BURT,

          Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Background**

This matter is pending before the Court on petitioner Michael Douglas Durham's habeas corpus petition under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for one count of second-degree criminal sexual conduct, MICH COMP. LAWS § 750.520c(1)(a), and one count of first-degree criminal sexual conduct, MICH COMP. LAWS § 750.520b(1)(a).

The pleadings and record indicate that Petitioner was arrested on a local warrant in Florida on March 7, 1994. Officials in Florida placed a hold on Petitioner due to outstanding charges against him in Michigan. After Petitioner completed his sentence in Florida, he was transported to Michigan, where he was arraigned on two counts of first-degree criminal sexual conduct involving a person under thirteen years of age.

Petitioner moved to dismiss the charges on the ground that he was not brought to trial within 180 days, as required by the Interstate Agreement on Detainers (IAD). The trial court agreed with Petitioner and dismissed his case on March 17, 1995. The prosecutor appealed the dismissal, and,

on October 16, 1996, the Michigan Court of Appeals reversed the trial court's decision. *See People v. Durham*, No. 184862 (Mich. Ct. App. Oct. 16, 1996). Petitioner did not appeal that decision to the Michigan Supreme Court.

Petitioner's whereabouts were unknown for some time. However, on March 25, 2003, he waived a jury trial, and on March 26, 2003, he was tried in Wayne County Circuit Court before George W. Crockett, III. Count I of the criminal complaint charged him with anal penetration of the complainant, and Count II of the complaint charged him with fellatio. The charges arose from two incidents that occurred over nine years earlier when the complainant was seven years old. Petitioner was living in the complainant's home at the time.

The complainant was almost seventeen years old at the time of trial. He, his mother, and his stepfather were the only trial witnesses. Judge Crockett found Petitioner guilty of second-degree criminal sexual conduct on Count I and first-degree criminal sexual conduct on Count II. A visiting judge sentenced Petitioner to two concurrent terms of seven to fifteen years in prison.

In an appeal of right from his convictions, Petitioner argued that the trial court's findings of fact were mere conclusory statements, which failed to specify the evidence the court considered in reaching its verdict. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *See People v. Durham,* No. 248607 (Mich. Ct. App. Oct. 28, 2004).

Petitioner raised the same issue in an application for leave to appeal in the Michigan Supreme Court. He also complained that he was sentenced by a visiting judge, that he was not brought to trial within 180 days, and that his trial attorney had lacked a defense strategy. The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Durham*, No. 127516 (Mich. Sup. Ct. June 28, 2005).

Petitioner signed and dated his habeas petition on September 16, 2005. His claims read:

I. Petitioner was denied the Equal Protection Clause of Due Process to the Fourteenth Amendment where the trial court impermissibly waived prohibition against double jeopardy regarding Sixth Amendment right to effective assistance of counsel involving improper amend (sic) of the information based on the 180 day rule.

II. The trial court's findings of fact were mere conclusory statements which failed to specify what evidence the court considered in reaching its verdict.

Respondent urges the Court to deny relief on the grounds that Petitioner's first claim is unexhausted and his second claim is not cognizable.

## II. Exhaustion of State Remedies

State prisoners must fairly present their claims in each appropriate state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). This requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state's supreme court when that review is part of the state's ordinary appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). Exhaustion of state remedies provides the State with an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. at 29 (quotation marks omitted).

Petitioner exhausted state remedies for his second claim (conclusory findings of fact) by presenting it to the Michigan Court of Appeals and to the Michigan Supreme Court. Whether he raised his first claim in state court is more complicated, because the nature of the claim is unclear. The claim alleges violations of the Due Process Clause, the Equal Protection Clause, and the Double Jeopardy Clause. The claim also refers to an improper amendment, a 180-day rule, and

3

ineffective assistance of counsel.

Petitioner has indicated in his response to the State's answer to the habeas petition that Claim I alleges a violation of the IAD's 180-day rule. Petitioner raised that claim in the Michigan Supreme Court following his trial and appeal of right. Although he did not present the issue to the Michigan Court of Appeals, the prosecutor raised the issue there, and the Michigan Court of Appeals adjudicated the claim on the merits. The Court therefore deems Claim I to be exhausted.

Even if both claims were not properly exhausted in state court, the exhaustion requirement is not a jurisdictional one. *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *petition for cert. filed*, (U.S. July 20, 2006) (No. 06-128). The statute authorizes courts to adjudicate unexhausted claims "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State" if the habeas petition is denied on the merits. 28 U.S.C. § 2254(b)(2). Petitioner's claims lack merit, and "'it would be a waste of time and judicial resources to require exhaustion.'" *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)). Consequently, the Court will excuse any failure to exhaust state remedies and will proceed to address the substantive merits of Petitioner's claims, using the following standard of review.

### III. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

## IV.  Merits

### A.  Violation of the IAD

As noted, Petitioner is alleging in his first claim that the IAD was violated because he was not brought to trial within 180 days of his request for disposition of the Michigan charges. Alleged violations of the IAD generally are not cognizable in a habeas petition under § 2254 absent exceptional circumstances. *Browning v. Foltz,* 837 F.2d 276, 283 (6th Cir. 1988); *Metheny v. Hamby*, 835 F.2d 672, 675 (6th Cir. 1987). Even assuming that Petitioner's claim is cognizable, it has no merit. The provision in question is Article III(a) of the IAD. It "requires that a prisoner against whom a detainer has been lodged be tried within 180 days of the prosecuting State's receipt of the prisoner's notice requesting speedy disposition of the charges." *Reed v. Farley*, 512 U.S. 339, 346 n.6 (1994). "[T]he 180-day time period in Article III(a) of the IAD does not commence until

the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Fex v. Michigan*, 507 U.S. 43, 52 (1993).

The Michigan Court of Appeals determined, among other things, that Petitioner did not make a proper demand for trial on the Michigan charges. This conclusion is supported by the record.

Petitioner submitted four requests for interviews with Florida officials concerning the Michigan charges. These requests are dated April 14, 1994, August 13, 1994, August 27, 1994, and September 3, 1994. The only letter directed to the Wayne County Prosecutor is dated September 9, 1994.[1] There is no indication in the record that Petitioner wrote to the trial court and demanded disposition of the charges. Thus, under *Fex*, he did not make a proper demand for trial.

Furthermore, Petitioner completed his Florida sentence on November 1, 1994, less than 180 days after he made a formal request to the Wayne County Prosecutor. At that point he was no longer incarcerated, and the IAD ceased to apply to him. *United States v. Saffeels*, 982 F.2d 1199, 1204 (8th Cir. 1992), *vacated on other grounds*, 510 U.S. 801 (1993). The state court's adjudication of Petitioner's claim was not contrary to, or an unreasonable application of, Supreme Court precedent.

### B. The Trial Court's Findings of Fact

#### 1. Violation of State Law

Petitioner's second and final claim alleges that the trial court's findings of fact did not

---

[1] Assistant Wayne County Prosecutor Frank Bernacki testified at an evidentiary hearing in state court that he did not necessarily recall receiving that letter, but that he received something similar and he no longer had possession of the letter. Bernacki testified at one point in the hearing that he "probably" received the letter from Petitioner in the spring of 1994. At another point in the hearing, he claimed that he did not remember when he received the communication from Petitioner.

specify the evidence that the court considered in reaching its verdict. In his state appellate court brief, Petitioner relied on Michigan Court Rule 2.517(A)(1) for the principle that trial courts must "find the facts specifically" and "state separately its conclusions of law." The alleged violation of Rule 2.517 is not a proper basis for habeas corpus relief, because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam )." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Petitioner has not alleged that he is in custody in violation of the federal Constitution. Nor has he alleged that the state court's determination of the facts was unreasonable. *Cf.* 28 U.S.C. § 2254(d)(2). He merely alleges that the state court's findings were inadequate because they were conclusory. This claim is not cognizable on habeas review.

Even if the claim were cognizable, it lacks merit, because the trial court specifically found that Petitioner placed his penis in the complainant's buttock area and that Petitioner committed the act of fellatio by placing his mouth on the complainant's penis. (Tr. Mar. 26, 2003, at 97.) Although the trial court's findings of fact and conclusions of law were not a model of clarity, the prosecutor expressed satisfaction with them, and defense counsel stated that she was apprised of both the reasons for the convictions and the court's findings of fact. (*Id*. at 98-99.)

### 2. Sufficiency of the Evidence

The Court could construe Petitioner's claim to allege that the evidence was insufficient to support the verdict. Petitioner asserted in his state appellate court brief that the evidence was insufficient to support a finding of guilt on Count II (first-degree criminal sexual conduct - fellatio).

7

The Michigan Court of Appeals determined that, even though Petitioner's sufficiency-of-the-evidence claim was not preserved for appeal, the evidence was sufficient to support Petitioner's conviction for first-degree criminal sexual conduct.

The relevant inquiry on review of the sufficiency of the evidence to support a criminal conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis in original).

The prosecutor was required to prove beyond a reasonable doubt that Petitioner sexually penetrated a person under thirteen years of age. MICH. COMP. LAWS § 750.520b(1)(a). The complainant testified that, one occasion, Petitioner covered the complainant's penis with his mouth. Petitioner did not testify or present any evidence to refute the evidence, and "it was not irrational for the jury to accept the prosecutor's evidence as establishing guilt beyond a reasonable doubt." *Tinsley v. Million*, 399 F.3d 796, 815 (6th Cir.), *cert. denied*, __ U.S. __, __, 126 S. Ct. 760 (2005). Moreover, "[a]n assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Gall v. Parker,* 231 F.3d 265, 286 (6th Cir. 2000)).

The Court concludes that the evidence was sufficient to support Petitioner's conviction for first-degree criminal sexual conduct. The state court's decision was not an unreasonable application of *Jackson*.

## V.  Conclusion

The state court's decisions were not based on an unreasonable determination of the facts. Nor were they contrary to, or an unreasonable applications of, Supreme Court precedent.

8

Accordingly, the petition for a writ of habeas corpus is DENIED. The Court DECLINES to issue a certificate of appealability, because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                          s/Lawrence P. Zatkoff  
                                          LAWRENCE P. ZATKOFF  
                                          UNITED STATES DISTRICT JUDGE

Dated: September 12, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 12, 2006.

                                          s/Marie E. Verlinde  
                                          Case Manager  
                                          (810) 984-3290